UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUSAN MEEKINS,

    Plaintiff,

v.                                                     CASE NO: 8:08-cv-1009-T-26TGW

COMCAST SPOTLIGHT, INC. d/b/a
COMCAST OF WEST FLORIDA, INC.,

    Defendant.
                                            /

## O R D E R

Before the Court is Defendant's Motion for Summary Judgment, Statement of Undisputed Facts, and numerous supporting exhibits (Dkts. 21 & 22) and Plaintiff's Response and exhibits. (Dkts. 23, 24 & 27.) After careful consideration of the motion, the applicable law, and the submissions of the parties, the Court concludes that the motion should be denied.

In this action brought pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (ADA), Plaintiff seeks damages and other relief for her termination from the position of Account Executive for Comcast of West Florida, Inc. (Comcast). (Dkt. 1.) Her job entailed selling advertisement services such as commercials to run on Comcast's cable network. Naturally, one of her essential duties was interacting with people, particularly potential customers, on a daily basis. Having been employed by Comcast

since 2003, she received meritorious awards for the years 2004 and 2005. In October 2005, however, she was diagnosed with bipolar disorder, mixed, which is a permanent mental condition. Her condition required her to take leave under the Family Medical Leave Act (FMLA) from October 5, 2005, to January 6, 2006. Plaintiff returned to work, but was terminated on September 27, 2006.

Defendant concedes that Plaintiff has a mental impairment as that term is used in the ADA. See 42 U.S.C. § 12102(1)(A).[1] See Pritchard v. Southern Co. Servs., 92 F.3d 1130, 1132 (11th Cir. 1996) (setting forth three prongs of *prima facie* case for disability discrimination under the ADA).[2] Defendant contends, however, that Plaintiff's mental impairment does not substantially limit a major life activity such as working. Plaintiff counters that she is substantially limited in the major life activities of sleeping, interacting with others, and thinking, which Plaintiff experiences in the form of memory loss. See Eshelman v. Agere Sys., Inc., 554 F.3d 426, 434 (3d. Cir. 2009) (citing Taylor v. Phoenixville Sch. Dist., 184 F.3d 296, 307 (3d Cir. 1999), and holding that thinking constitutes a major life activity which can be affected by memory loss). She claims that

---

[1] A disability is defined as "a physical or mental impairment that substantially limits one or more major life activities of such individual." Major life activities are further defined in 42 U.S.C. 12102(2).

[2] Plaintiff must prove a *prima facie* case by showing the following three factors: (1) that Plaintiff possesses a statutorily covered disability; (2) that Plaintiff is a qualified individual; and (3) that Plaintiff was discriminated against by Comcast because of her disability. Prichard, 92 F.3d at 1132.

her condition of bipolar disorder, mixed, is a permanent condition, one that she was suffering from at the time of her termination.

After reviewing the submissions of the parties, the Court finds that genuine issues of material fact exist with respect to her claimed major life activities. That Plaintiff can raise her child and drive her to school, can continue to work, and has visited friends in the past, has little to do with proof that she is not substantially limited in particular major life activities. As noted by Plaintiff, she has not asserted that she is substantially limited in the major life activity of working or that she is limited in her driving ability. With respect to the three major life activities asserted by Plaintiff of sleeping, interacting with others, and thinking, the record presents genuine issues of fact.

Second, Defendant asserts that Plaintiff is not a qualified individual for her position. Plaintiff contends that having received meritorious awards for her performance in the years 2004 and 2005 militate against a finding that she was not qualified. Exactly how much work she missed as a result of her mental impairment and how much business she could have and did secure in view of her condition create genuine issues of material fact.

Finally, at what point in time the decision-maker, John Thompke, had knowledge of Plaintiff's mental impairment and whether discrimination was a motivating factor in the decision to terminate Plaintiff are also disputed. Plaintiff submits e-mails that bolster her position that Thompke had full knowledge of her impairment at the time of her termination. This evidence places Thompke's credibility at issue and therefore removes

the ability to make any final decision at this juncture. In view of the numerous genuine issues of material fact, the Court finds that a trial on the merits is warranted.

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment (Dkt. 22) is **DENIED**. Defendant's Motion for Leave to File Reply (Dkt. 28) is also denied.

**DONE AND ORDERED** at Tampa, Florida, on June 4, 2009.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record